

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/18/2019

| In re: | § | |
|---|---|---|
| | § | |
| PRESTIGE HEATING AND | § | Case No. 19-35298-H3 |
| AIR CONDITIONING, LLC | § | |
| Debtor. | § | Chapter 11 |

**FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) OF THE BANKRUPTCY CODE AND (II) GRANTING ADEQUATE PROTECTION FOR THE USE OF CASH COLLATERAL**

CAME ON for consideration, the emergency motion (the "Motion"), for an interim order (i) authorizing the use of cash collateral of existing and purported Secured Lenders pursuant to 11 U.S.C. § 363(c), (ii) granting adequate protection for the use of cash collateral, and (iii) scheduling a final hearing pursuant to Bankruptcy Rule 4001 as to the use of cash collateral.  Having considered the Motion and granted interim use of cash collateral (Doc. No. 19), the Court hereby finds cause to grant this final order authorizing the use of cash collateral and granting of adequate protection for the use of cash collateral:

A.    The Debtor requires the use of the Cash Collateral of certain creditors below ("Secured Lenders"), in order to continue its ordinary course business operations and to maintain the value of its bankruptcy estate.  The Debtor is permitted to use the Cash Collateral, on the terms and conditions provided for herein, commencing October 24, 2019 and expiring on April 30, 2020 (the "Cash Collateral Period").  The Debtor shall not make use of Cash Collateral except in accordance with the terms and conditions contained in this Cash Collateral Order.  The table below contains the Debtor's known Secured Lenders with an interest in Cash Collateral, which are affected by this Order:

| **Secured Lender** | **Claim** | **Collateral** |
|---|---|---|
| On Deck | $190,983.90[1] | all & after acquired property |
| Main Street Merchant Services | $44,748.77[2] | Unknown – future receivable purchase secured by UCC financing statement |
| Funding Metrics, LLC | Unknown | Future receivables and proceeds |
| Corporation Services (unknown secured lender) | Unknown | UCC Financing but collateral unknown |
| Texas Comptroller | $130,350.67[3] | Tax lien on all assets |

---

[1] Per Claim no. 1
[2] Per Claim no. 7
[3] Per Claim nos. 4 and 5

B. Debtor is permitted to use the Cash Collateral solely for such purposes set forth in the Budget in order to avoid immediate and irreparable harm to the Debtor's bankruptcy estate which will occur if this Cash Collateral Order is not immediately approved.

## ORDER

Accordingly, it is therefore ORDERED that:

1. The Motion is hereby granted in accordance with the terms of this Order. Any objections to the Motion with respect to the entry of this Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled.

2. The Debtor is authorized, on a limited basis, to use Cash Collateral only as provided in strict accordance with the terms and conditions provided in this Cash Collateral Order.

3. The Debtor shall be permitted to use Cash Collateral through April 30, 2020 solely to pay the expenses described in the expenditures contained in the budget attached hereto as **Exhibit 1** (as such budget may be amended, modified, or supplemented in accordance with this Cash Collateral Order, the "Budget") for the Cash Collateral Period, solely up to the amounts, at the times and for the purposes identified in the Budget. The Debtor shall not, without prior written consent of the Secured Lenders, use Cash Collateral with respect to any month in the Budget in an amount in excess of the aggregate amount budgeted for that month, provided, that there shall be a permitted variance of 15% in the aggregate for any amounts listed in the Budget for a particular month. Any amounts listed in the Budget that are unused in any month may be carried over and used by the Debtor in any subsequent month and any unused amounts may be utilized for any other line item within the week or subsequent month.

4. The Debtor and Secured Lender(s) may extend the Cash Collateral Period without further notice to creditors or order of this Court, provided that a Stipulation Extending Cash Collateral Order signed by counsel to the Debtor and counsel of the Secured Lender(s) is filed together with a copy of a budget should there be any changes from the Budget attached hereto as **Exhibit 1**.

5. Secured Lender(s) is entitled to, pursuant to sections 361, 362, and 363(e) of the Bankruptcy Code, to adequate protection of their interests in the Cash Collateral on account of the totality of the diminution in value of the Cash Collateral, if any, from and after April 1, 2019 (the "Filing Date") in accordance with section 506(a) of the Bankruptcy Code arising from the imposition and enforcement of the automatic stay and the Debtor's use or disposition of the Cash Collateral, as the case may be a diminution, (each diminution, a "Diminution in Value").

6. Secured Lender(s) is hereby granted the following adequate protection (the "Adequate Protection"), in addition to the Adequate Protection provided on the Budget attached hereto as **Exhibit 1** effective upon the date of this Order and without the necessary of the execution or filing by the Debtor or Secured Lenders:

a. *Adequate Protection Liens*: To the extent of the aggregate Diminution of Value, if any, of their respective interests in the Cash Collateral, and subject to the Carve-Out (defined in paragraph 8 of this Order) the Secured Lenders shall have valid and perfected additional and replacement security interests in, and liens upon (the "Adequate Protection Liens"), all of the relevant Debtor's right, title and interest in, to, and under all of Debtor's now owned and after-acquired cash, and Cash Collateral of the Debtor, any investment of such cash and cash collateral, inventory, accounts receivable, any cause of action, any right to payment whether arising before or after the Filing Date and the proceeds thereof, any right to payment whether arising before or after the Filing Date, and the proceeds, products, rents and profits of all of the foregoing, but only to the extent and priority that the Secured Creditors had valid prepetition liens and security interests in such collateral as of the Filing Date that is not subject to defense, offset, avoidance or subordination (collectively, the "Adequate Protection Collateral"). The priority of any postpetition replacement liens granted to the Secured Creditors shall be the same as existed on as of the Filing Date; and

b. *Adequate Protection Superpriority Claims*. To the extent of the aggregate Diminution of Value, if any, of their respective interests in the Cash Collateral, and subject to the Carve-Out (defined in paragraph 8 of this Order) the Secured Creditors are hereby granted, in addition to claims under section 503(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim pursuant to section 507(b) of the Bankruptcy Code (collectively, the "Adequate Protection Superpriority Claims").

c. *Adequate Protection Payments*. Secured Lenders specified in Paragraph A of this Order will be provided adequate protection payments according to **Exhibit 1** to the extent that the Secured Lender is a scheduled secured creditor or has filed a proof of claim in the Debtor's bankruptcy case; each Secured Lender entitled to adequate protection will receive a Pro-Rata share of the adequate protection payment relative to its scheduled or filed claim and according to its categorization in **Exhibit 1**.

7. The priority of any postpetition replacement liens granted to the Secured Lenders hereunder shall be the same as existed of the Filing Date. The Adequate Protection Liens and Adequate Protection Superpriority Claims shall be valid only to the extent the Secured Lender's prepetition claims and liens exist, are valid, prior to all others, and not subject to defense, offset, avoidance or subordination.

8. The term "Carve-Out" shall mean quarterly fees required to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court. All liens and claims of the Secured Creditors, regardless of their nature or priority, shall be subject to the Carve-Out.

Signed: October 18, 2019

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

EXHIBIT 1

Prestige Heating and Air Conditioning, LLC's Final Budget (monthly)

| Item Description | 9/24/19 - 10/31/19 | 11/1/2019 | 12/1/2019 | 1/1/2020 | 2/1/2020 | 3/1/2020 | 4/1/2020 |
|---|---|---|---|---|---|---|---|
| Beginning Balance | | | | | | | |
| **CASH-IN** | | $7,835.00 | $20,444.00 | $28,053.00 | $35,662.00 | $48,271.00 | $60,880.00 |
| Customer Payments | $25,000 | $120,000 | $115,000 | $115,000 | $120,000 | $120,000 | $140,000 |
| AR-Cash in | $125,000 | | | | | | |
| | $0.00 | $0 | 0 | 0 | 0 | $0 | $0 |
| **Total Cash-in** | $150,000 | $127,835.00 | $135,444.00 | $143,053.00 | $155,662.00 | $168,271.00 | $200,880.00 |
| **CASH-OUT** | | | | | | | |
| Bookkeeper | $700 | 700 | 700 | 700 | 700 | 700 | 700 |
| Permits | $300 | 1500 | 1500 | 1500 | 1500 | 1500 | 1500 |
| Insurance | $3,000 | 3000 | 3000 | 3000 | 3000 | 3000 | 3000 |
| Sales Tax | $8,000 | 8000 | 8000 | 8000 | 8000 | 8000 | 8000 |
| Vehicle maintenance | $1,900 | 1900 | 1900 | 1900 | 1900 | 1900 | 1900 |
| Utilities | $1,480 | $2,043 | $2,043 | $2,043 | $2,043 | $2,043 | $2,043 |
| Travel | $1,200 | $900 | $900 | $900 | $900 | $900 | $900 |
| Office suplies | $300 | 300 | 300 | 300 | 300 | 300 | 300 |
| Contractor payment | $5,000 | 13000 | 13000 | 13000 | 13000 | 13000 | 13000 |
| Cost of goods | $50,000 | $29,000 | $29,000 | $29,000 | $29,000 | $29,000 | $29,000 |
| website maintenance | $985 | 985 | 985 | 985 | 985 | 985 | 985 |
| Marketing | $3,000 | 3000 | 3000 | 3000 | 3000 | 3000 | 3000 |
| Professional Fees | $600 | 600 | 600 | 600 | 600 | 600 | 600 |
| Equipment rental | | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 |
| Payroll tax | $1,500 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Payroll | $48,000 | $21,863 | $21,863 | $21,863 | $21,863 | $21,863 | $21,863 |
| Fuel | $5,000 | 5000 | 5000 | 5000 | 5000 | 5000 | 5000 |
| Rent | $3,600 | $500 | $500 | $500 | $500 | $500 | $500 |
| UST fees | $2,600 | 2600 | 2600 | 2600 | 2600 | 2600 | 2600 |
| Adequate protection | $5,000 | 5000 | 5000 | 5000 | 5000 | 5000 | 5000 |
| Comptroller payments | | 2500 | 2500 | 2500 | 2500 | 2500 | 2500 |
| | | | | | | | |
| **Total Cash out** | $142,165.00 | 107391 | 107391 | 107391 | 107391 | 107391 | 107391 |
| *CASH-IN LESS CASH-OUT* | $7,835.00 | $12,609 | $7,609 | $7,609 | $12,609 | $12,609 | $32,609 |
| **Net Cummulative** | **$7,835.00** | **$20,444.00** | **$28,053.00** | **$35,662.00** | **$48,271.00** | **$60,880.00** | **$93,489.00** |

United States Bankruptcy Court
Southern District of Texas

In re:
Prestige Heating and Air Conditioning, L
    Debtor

Case No. 19-35298-evr
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0541-4      User: jchavez      Page 1 of 1      Date Rcvd: Oct 18, 2019
                  Form ID: pdf002      Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 20, 2019.
db      +Prestige Heating and Air Conditioning, LLC,    23645 West Hardy Rd,    Spring, TX 77373-5713
cr      Texas Comptroller of Public Accounts,    E. Stuart Phillips,    P.O. Box 12548,    Austin, TX 78711-2548

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr      E-mail/Text: houston_bankruptcy@LGBS.com Oct 18 2019 21:09:01      Harris County,    Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    PO Box 3064,    Houston, TX 77253-3064
                                                                                                                                                                        TOTAL: 1

         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr      Klein Independent School District
                                                                                                                           TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2019                                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 18, 2019 at the address(es) listed below:
         E Stuart Phillips    on behalf of Creditor    Texas Comptroller of Public Accounts    bk-sphillips@oag.texas.gov,    sherri.simpson@oag.texas.gov
         John P Dillman    on behalf of Creditor    Harris County houston_bankruptcy@publicans.com
         Owen Mark Sonik    on behalf of Creditor    Klein Independent School District osonik@pbfcm.com,    tpope@pbfcm.com;osonik@ecf.inforuptcy.com;mvaldez@pbfcm.com
         Stephen Douglas Statham    on behalf of U.S. Trustee    US Trustee stephen.statham@usdoj.gov
         Susan Tran Adams    on behalf of Debtor    Prestige Heating and Air Conditioning, LLC    susan.tran@ctsattorneys.com,    ecf@ctsattorneys.com
         US Trustee    USTPRegion07.HU.ECF@USDOJ.GOV
                                                                                                           TOTAL: 6