**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **PRESTIGE HEATING AND** | § | **Case No. 19-35298-H3** |
| **AIR CONDITIONING, LLC** | § | |
| **Debtor.** | § | **Chapter 11** |

**MOTION FOR ORDER AUTHORIZING PAYMENT OF**
**PRE-PETITION CRITICAL VENDORS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**To the Honorable Eduardo V. Rodriguez:**

Prestige Heating and Air Conditioning, LLC ("PHAC"), hereby files this Motion for Order Authorizing Payment of Pre-Petition Critical Vendors (the "Motion") and in support of the requested relief, would show as follows:

**SECTION I**
**JURISDICTION & VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157 and Section 1334. This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## SECTION II
## STATEMENT OF THE CASE

2.      PHAC filed a voluntary petition for relief on September 23, 2019 under Chapter 11

of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").  PHAC's case is

pending before the United States Bankruptcy Court for the Southern District of Texas, Houston

Division.

3.      Pursuant to Bankruptcy Code 1107(a) and 1108, the PHAC is operating and

managing its property as debtor in possession.  No trustees or examiners have been appointed in

this case.

4.      PHAC is a Texas limited liability company incorporated on June 14, 2010.  PHAC

is a member managed limited liability company whose sole members are Brian and Kristie Gesner

("Gesner") who have managed PHAC since its inception.  PHAC provides residential and

commercial air conditioning and heating repair services to customers in the North Houston area.

5.      As customary for a heating and air conditioning service company, PHAC is

required to expend labor and material costs prior to being compensated from its customers.  PHAC

typically does not receive payment from its receivables in less 30 days from completion of its

projects.  Because PHAC is required to pay for material costs prior to receiving compensation,

PHAC relies heavily on its long-term relationships with its vendors for favorable credit terms on

its orders.

6.      The following  table  below  represents  PHAC's  critical  vendors  (the  "Critical

Vendors") who provide PHAC materials with payment due under net 30 or net 60.

| Critical Vendor | Estimated Prepetition Amount Owed | Description of Goods Provided |
|---|---|---|

| Coastal HVAC<br>51 Esplanade Blvd #100<br>Houston, TX 77060 | $10,616.78 | HVAC materials and supplies |
| Century AC Supply<br>10510 W Sam Houston Pkwy<br>Houston, TX 77099 | $7,087.75 | HVAC materials and supplies |

Because PHAC has sought bankruptcy protection and has been unable to pay the prepetition amounts owed, the Critical Vendors have reacted unfavorably and are apprehensive of allowing PHAC to continue purchasing goods without pre-payment or cash on delivery.  If PHAC were required to pre-pay for the materials and supplies prior to completion of its projects, PHAC would be required to effectively finance its own projects which would cause serious financial ramifications for the estate.

<u>**SECTION III**</u>
**RELIEF SOUGHT & AUTHORITY**

7.      PHAC respectfully requests an Order for this Court authorizing it to pay the Critical Vendors in order to continue operating its business.

8.      Historically, the relief requested under this Motion has been granted under the Court's discretionary powers under 11 U.S.C. § 105(a), which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Bankruptcy Code 1107(a) provides that a debtor in possession "shall have all rights. . .and perform all the functions and duties. . . of a trustee serving in a case under this chapter."  *Id.* at 1107(a).  These duties include the implicit fiduciary duty under Section 1106 of the United States Bankruptcy Code to protect and preserve the bankruptcy estate.  *In re CoServ, LLC*, 272 B.R. 487, 489 (Bankr. N.D. Tex. 2002).

9.      Within the Fifth Circuit, Bankruptcy courts have interpreted provisions of 1107 of the United States Bankruptcy Code, together with Section 105 of the United States Bankruptcy

Code, to mean that for a debtor in possession to perform its fiduciary obligation to preserve the bankruptcy estate, the bankruptcy court must use apply Section 105 of the Bankruptcy Code to authorize payment of prepetition claims that preserve or enhance the debtor's bankruptcy estate. *Id.*

10.     In order to obtain authorization to pay certain prepetition claims, the debtor must show by a preponderance of the evidence that the following three factors weigh in favor of allowing payment of prepetition claims of critical vendors: (1) whether dealing with the prepetition vendor is critical; (2) whether the debtor risks the probability of harm or diminishment of the estate in comparison to the amount of the vendor's claim; and (3) whether a practical or legal alternative by which the debtor can deal with the vendor other than by payment of the claim exists. *In re CEI Roofing, Inc.*, 315 B.R. 50, 57 (Bankr. N.D. Tex. 2004).

11.     In addressing these three factors, the Critical Vendors could fail to provide materials to PHAC and without these materials PHAC will be unable to operate its business without significant costs.  PHAC could obtain similar quality supplies and materials, however, PHAC will be required to be pay cash upon delivery prior to receiving payment from its customers as PHAC would not have preferential credit terms with new vendors.

## SECTION IV
## LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF SOUGHT

12.     Historically, the relief requested under this Motion has been granted under the Court's discretionary powers under 11 U.S.C. § 105(a), which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Bankruptcy Code 1107(a) provides that a debtor in possession "shall have all rights. . .and perform all the functions and duties. . . of a trustee serving in a case under this chapter."  *Id.* at 1107(a).  These duties include the implicit fiduciary duty under Section 1106 of the United States

Bankruptcy Code to protect and preserve the bankruptcy estate.  *In re CoServ, LLC*, 272 B.R. 487, 489 (Bankr. N.D. Tex. 2002).

13.     Within the Fifth Circuit, Bankruptcy courts have interpreted provisions of 1107 of the United States Bankruptcy Code, together with Section 105 of the United States Bankruptcy Code, to mean that for a debtor in possession to perform its fiduciary obligation to preserve the bankruptcy estate, the bankruptcy court must use apply Section 105 of the Bankruptcy Code to authorize payment of prepetition claims that preserve or enhance the debtor's bankruptcy estate. *Id.*

WHEREFORE, Prestige Heating and Air Conditioning, LLC respectfully requests that this Court enter an order i) authorizing the payment to the Critical Vendors as set forth above in this Motion and ii) for such other relief as is equitable and just.

Dated: October 31, 2019

**CORRAL TRAN SINGH, LLP**

By:   */s/Susan Tran Adams*
          Adam Corral | TBN: 24080404
          Susan Tran | TBN: 24075648
          Brendon Singh | TBN: 24075646
          1010 Lamar St., Suite  1160
          Houston TX 77002
          Ph: (832) 975-7300
          Fax: (832) 975-7301
          Susan.Tran@ctsattorneys.com

**ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019 the following parties below and attached creditor matrix were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice.

_/s/Susan Tran Adams_
Susan Tran Adams

## VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on October 31, 2019 by electronic delivery by the clerk of the Bankruptcy Court.

_/s/Susan Tran Adams_
Susan Tran Adams