IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **PRESTIGE HEATING AND** | § | Case No. 19-35298-H3 |
| **AIR CONDITIONING, LLC** | § | |
| Debtor. | § | Chapter 11 |

**MOTION FOR ORDER AUTHORIZING PAYMENT OF
PRE-PETITION TAXES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**To the Honorable Eduardo V. Rodriguez:**

Prestige Heating and Air Conditioning, LLC ("PHAC"), hereby files this Motion for Order Authorizing Payment of Pre-Petition Taxes (the "Motion") and in support of the requested relief, would show as follows:

**SECTION I
JURISDICTION & VENUE**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157 and Section 1334. This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## SECTION II
## STATEMENT OF THE CASE

2. PHAC filed a voluntary petition for relief on September 23, 2019 ("Filing Date") under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). PHAC's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

3. Pursuant to Bankruptcy Code 1107(a) and 1108, the PHAC is operating and managing its property as debtor in possession. No trustees or examiners have been appointed in this case.

4. PHAC is a Texas limited liability company incorporated on June 14, 2010. PHAC is a member managed limited liability company whose sole members are Brian and Kristie Gesner ("Gesner") who have managed PHAC since its inception. PHAC provides residential and commercial air conditioning and heating repair services to customers in the North Houston area.

5. As PHAC's depository accounts were frozen on the Filing Date PHAC was unable to become current on certain financial obligations. In the ordinary course of PHAC's business, it collects, incurs, and pays, among other taxes, sales taxes, use taxes, annual reports, and franchise taxes and fees (collectively, the "Taxes and Fees"). PHAC remits the Taxes and Fees to various federal, state, and local units. As of the Filing Date, PHAC owed a balance of $5,757.93 to the Texas State Comptroller ("Comptroller") for 2018 Taxes and Fees.

6. PHAC believes that the failure to pay Taxes and Fees will materially disrupt its business in several ways. First, PHAC's failure to pay the 2018 Taxes and Fees to the Comptroller have resulted in forfeiture of existence with the State of Texas, limiting PHAC's liability to engage in certain business transactions, such as the filing or defense of lawsuits. Second, the Comptroller

could initiate audits, suspend operations, file liens, or seek to lift the automatic stay, which would unnecessarily divert the Debtor's attention from the chapter 11 process.  Third, the failure to pay Taxes and Fees will subject the Debtor's directors and officers to claims of personal liability, which likely would distract those key persons from their duties related to restructuring efforts of the Debtor.  Fourth, unpaid Taxes and Fees may result in penalties, the accrual of interest, or both which could negatively impact the Debtor's business or the restructuring process.

7. Counsel for PHAC has contacted the Comptroller and the United States Trustee who are unopposed to requested relief contained in this Motion.

## SECTION III
## RELIEF SOUGHT & AUTHORITY

8. PHAC respectfully requests an Order for this Court authorizing it to pay the pre-petition tax claims owed to the Texas State Comptroller.  Historically, the relief requested under this Motion has been granted under the Court's discretionary powers under 11 U.S.C. § 105(a), which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Bankruptcy Code 1107(a) provides that a debtor in possession "shall have all rights. . .and perform all the functions and duties. . . of a trustee serving in a case under this chapter."  *Id.* at 1107(a).  These duties include the implicit fiduciary duty under Section 1106 of the United States Bankruptcy Code to protect and preserve the bankruptcy estate.  *In re CoServ, LLC*, 272 B.R. 487, 489 (Bankr. N.D. Tex. 2002).

9. Within the Fifth Circuit, Bankruptcy courts have interpreted provisions of 1107 of the United States Bankruptcy Code, together with Section 105 of the United States Bankruptcy Code, to mean that for a debtor in possession to perform its fiduciary obligation to preserve the bankruptcy estate, the bankruptcy court must use apply Section 105 of the Bankruptcy Code to

authorize payment of prepetition claims that preserve or enhance the debtor's bankruptcy estate. *Id.*

WHEREFORE, Prestige Heating and Air Conditioning, LLC respectfully requests that this Court enter an order i) authorizing the payment of pre-petition tax claim of the Texas State Comptroller as set forth above in this Motion and ii) for such other relief as is equitable and just.

Dated: October 31, 2019

**CORRAL TRAN SINGH, LLP**

By: */s/Susan Tran Adams*
Adam Corral | TBN: 24080404
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
1010 Lamar St., Suite 1160
Houston TX 77002
Ph: (832) 975-7300
Fax: (832) 975-7301
Susan.Tran@ctsattorneys.com

**ATTORNEYS FOR
PRESTIGE HEATING AND AIR
CONDITIONING LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2019 the following parties below and attached creditor matrix were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice.

*/s/Susan Tran Adams*
Susan Tran Adams

**VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE**

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on October 31, 2019 by electronic delivery by the clerk of the Bankruptcy Court.

*/s/Susan Tran Adams*
Susan Tran Adams