**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **PRESTIGE HEATING AND** | § | **Case No. 19-35298-H3** |
| **AIR CONDITIONING, LLC** | § | |
| Debtor. | § | **Chapter 11** |

**COMPTROLLER'S AMENDED RESPONSE TO**
**DEBTOR'S MOTION FOR ORDER AUTHORIZING**
**PAYMENT OF PRE-PETITION TAXES**

TO THE HONORABLE EDUARDO V. RODRIGUEZ:

The Texas Comptroller of Public Accounts ("Comptroller"), through the Office of the Texas Attorney General, files this amended response to the Debtor's Motion for Order Authorizing Payment of Pre-Petition Taxes (the "Motion"), as follows:

1.     The Comptroller does not object to the Debtor's request for authority to pay the delinquent prepetition franchise taxes (as a prerequisite to its seeking to obtain reinstate its corporate privileges through the Secretary of State's Office).  The Comptroller files this Response to clarify any potential misunderstanding.

2.     The $5,757.93 which the Debtor seeks authority to pay the Comptroller are exclusively delinquent *franchise* taxes.  The Debtor lost its corporate privileges prepetition when it failed to pay these franchise taxes due on May 15, 2018.

3.     Counsel for the Debtor contacted Comptroller's counsel in October to ask how the Debtor could have its corporate privileges restored.  Undersigned counsel informed her that the Debtor could request reinstatement from the Secretary of State by presenting a Comptroller tax clearance letter evidencing that the delinquent 2018 franchise taxes had been paid.

4.      Paragraph 6 of the Motion states, as a ground for granting the requested authority, that failing to pay the taxes might result in the Comptroller taking action against the Debtor by initiating audits, filing liens, etc.

5.      The Comptroller already has a prepetition lien (evidenced by a Notice of Lien filed in Harris County on July 26, 2017) on all the Debtor's nonexempt property located there.  The tax lien secures all taxes owed by the Debtor. (In any event, the Comptroller would not intentionally violate the automatic stay by filing post-petition liens without Bankruptcy Court permission.)

6.      The Comptroller also reserves the right to audit the Debtor or take other actions specifically excepted from the automatic stay under 11 U.S.C. § 362(b)(9).

7.      The Comptroller does not object to the Debtor's request to pay prepetition franchise taxes, especially given that regaining its corporate charter and the privilege to conduct business will clearly help the Debtor manage and operate its estate in compliance with 28 U.S.C. § 959(b), files this amended response only to clarify the record.

*[the remainder of this page is intentionally left blank]*

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ E. Stuart Phillips*
E. STUART PHILLIPS
Texas State Bar No. 15923600
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4861
Fax: (512) 936-1409
*bk-sphillips@oag.texas.gov*

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS


## CERTIFICATE OF SERVICE

I certify that on November 6, 2019, a true copy of the foregoing response was served electronically by the Court's CM/ECF system to all parties receiving such notices.

*/s/ E. Stuart Phillips*
E. STUART PHILLIPS

3