IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN Re: | § | CHAPTER 11 CASE |
| | § | |
| Prestige Heating and Air | § | CASE NO. 19-35298 |
| Conditioning, LLC | § | |
| | § | |
| DEBTOR | § | |
| | § | |

**KLEIN INDEPENDENT SCHOOL DISTRICT'S OBJECTION TO SANTANDER
CONSUMER USA, INC.'S MOTION FOR RELIEF FROM THE STAY REGARDING
<u>NON-EXEMPT PROPERTY AND WAIVER OF §362(E) REQUIREMENT</u>**
(Relates to Doc. 50)

**To the Honorable Eduardo V. Rodriguez
United States Bankruptcy Judge**:

Comes now Klein Independent School District ("Klein"), a secured creditor and party in interest in this case, and files this Objection to Santander Consumer USA, Inc.'s ("Santander") Motion for Relief from the Stay Regarding Non-Exempt Property and Waiver of §362(E) Requirement filed at docket number 50 (the "Motion"), and in support thereof, respectfully shows this Court the following:

<u>**Jurisdiction**</u>

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq.* This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (K).

<u>**Background**</u>

2.     Klein is a political subdivision of the State of Texas and is authorized and required under the laws of the State of Texas to assess, levy, and collect property taxes on tangible personal property and real property within its boundaries.

1

3.      Klein filed proof of claim #9 on October 18, 2019 for the tax years 2016 – 2019 for delinquent and current year *ad valorem taxes* on tangible personal property – vehicles assessed to the Debtor.

4.      On October 18, 2019, Santander moved for relief from the automatic stay regarding collateral subject to a security agreement on a 2014 Dodge Promaster 1500 bearing VIN 3C6TRVAGEE109557 ("Collateral")."

5.      Klein does not dispute Santander's perfected security interest in the Collateral, however, Klein's tax claims are secured by valid continuing perfected enforceable tax liens on all tangible personal property of the estate located within its taxing jurisdiction, as provided by Section 32.01 and 32.05 of the Texas Property Tax Code.  Klein's tax liens are *in solido* and encumber all the Debtor's tangible personal property as provided under Section 32.01(b) of the Texas Property Tax Code and thus are superior to the liens of Santander.  See also *In Re Universal Seismic Associates, Inc.* 288 F.3d 205 (5th Cir. (Tex)).

## Objection

6.      Klein opposes the Motion only to the extent that, if granted as requested, it stands to harm Klein's senior secured interest in the Collateral. The granting of such relief only to Santander will potentially enable an inferior lien holder to avoid Klein's tax liens by enabling Santander to non-judicially foreclose its liens without notice to Klein. It further potentially facilitates the conveyance of the Collateral to a buyer or buyers in the ordinary course of business without providing adequate protection for the tax claims of Klein, while Klein is barred from action to protect their interests by the automatic stay.

7.      By this objection Klein requests that the Court only allow the requested relief with the following conditions:

a).     That the stay be lifted for Klein at the same time and to the same extent that it is lifted for Santander as to the Collateral.

b.)     That Santander be required to provide Klein with advance notice of the repossession of the Collateral.

c.)     That Santander be required to keep Klein informed as to the exact location of the Collateral and of exact location of the disposition of the Collateral.

d)     That Santander shall not move the Collateral from Harris County, Texas, except as may otherwise be ordered by the Court or agreed to in writing by Klein.

e)     That upon the sale of the Collateral, the claims of Klein should be paid in full out of the proceeds within fifteen (15) days of the date of sale.

f)     That Santander be required to sell the Collateral in a commercially reasonable fashion within a time certain.

10.   Alternatively, Klein request that the Court order Santander to sell the Property in a commercially reasonable fashion and deposit the proceeds of sale into the Court's registry and that the Court determine the proper allocation of the proceeds.

### Prayer

WHEREFORE, PREMISES CONSIDERED Klein Tax Office requests that the Court deny the Motion in the current form without the proceeding conditions to allow for protection for Klein Tax Office's liens and rights, and further grant such other relief as is just.


Respectfully Submitted,


PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, LLP

/s/ *Melissa E. Valdez*
Melissa E. Valdez
SBN: 24051463
Owen M. Sonik
SBN: 18847250
1235 North Loop West, Suite 600
Houston, Texas 77008
Phone: (713) 802-6969
Fax: (713) 862-1429
Email: mvaldez@pbfcm.com

ATTORNEY FOR KLEIN ISD

## Certificate of Service

I hereby certify that on this the 13th day of December, 2019, I sent a true and correct copy of the above and foregoing  Klein Independent School District's Objection to Santander Consumer USA, Inc.'s Motion for Relief from Stay Regarding Non-Exempt Property and Waiver of §362(E) Requirement to the following parties by the following means:

**ATTORNEY FOR SANTANDER BANK N.A.**

Beverly Cahill whose email address is:          beverly@sundmakerfirm.com

**ATTORNEY FOR DEBTOR**

Susan Tran whose email address is:          Susan.Tran@ctsattorneys.com

**UNITED STATES TRUSTEE**

Stephen D. Statham, whose email address is:          stephen.statham@usdoj.gov

**ASSISTANT ATTORNEY GENERAL**

E. Stuart Phillips, whose email address is:          bk-sphillips@oag.texas.gov

**ATTORNEY FOR HARRIS COUNTY**

John P. Dillman, whose email address is:          houston_bankruptcy@publicans.com

**And all other parties requiring notice via Courts ECF e-notice.**

*/s/ Melissa E. Valdez*
Melissa E. Valdez