**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **PRESTIGE HEATING AND AIR** | § | **CASE NO. 19-35298-H3** |
| **CONDITIONING, LLC** | § | |
|    **DEBTOR.** | § | **CHAPTER 11** |

_____

| | | |
|---|---|---|
| | § | |
| | § | |
| **PRESTIGE HEATING AND AIR** | § | |
| **CONDITIONING, LLC** | § | |
|     **PLAINTIFF** | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. 19-_____** |
| | § | |
| **TEXANS ENERGY, MEGA ENERGY,** | § | |
| **LP AND WORLD POWER & GAS, LP** | § | |
| | § | |
|    **DEFENDANT.** | § | |
| | § | |
| | § | |

_____

**COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY, CONTEMPT, AND**
**APPLICATION FOR TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF**

**To the Honorable Eduardo V. Rodriguez:**

PRESTIGE HEATING AND AIR CONDITIONING, LLC, Debtor in the underlying Chapter 11 Bankruptcy ("Plaintiff") hereby files this Complaint for Violation of the Automatic Stay, Contempt, and Application for Temporary and Preliminary Injunctive Relief (the "Complaint") against Texans Energy (the "Defendant"), and would show the Court as follows:

1.    Plaintiff filed the above styled and number Chapter 11 bankruptcy case, pursuant to 11 U.S.C. § 301 on September 23, 2019 (the "Filing Date"). Plaintiff is properly a plaintiff to this Complaint as result of its bankruptcy filing.

2.      Plaintiff's bankruptcy case is pending before the Unites States Bankruptcy Court, Southern District of Texas, Houston Division.

## JURISDICTION

3.      This Court has jurisdiction to consider the claims of this Complaint.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (C), (E) and (G).  Plaintiff brings this Complaint pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, Rule 9006 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 105, 11 U.S.C. § 301, 11 U.S.C. § 362.

## DEFENDANT AND SERVICE

4.      Defendant is an electricity company that provides services to the Plaintiff and, pursuant to Fed. R. Bankr. P. 7004(h), may be served by certified mail to its Registered Agent Javed Meghani at 2150 Town Square Pl Ste.# 711, Sugar Land, TX 77479.

## BACKGROUND

5.   On September 23, 2019, Plaintiff filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code.

6.   Defendant provides electricity services to the Plaintiff's address located at 23645 West Hardy Road, Spring TX, 77373 ("Business Address").

7.   On September 24, 2019, Plaintiff filed an emergency motion ("Utilities Motion") for order prohibiting utility providers from altering, refusing or discontinuing services, and establishing procedures for determining requests for additional adequate assurance at Doc. # 4.

8.   On September 30, 2019, this Court issued an order granting Plaintiff's Utilities Motion and thereby prohibiting any utility providers listed in the Utilities Motion from interfering with, disturbing, or discontinuing services to the Plaintiff on account of this bankruptcy case and/or any unpaid invoices for pre-petition services.

9.   On or about October 28, 2019, Defendant shut off power and refused to provide electricity to the Plaintiff's address, causing substantial disruption to the Debtor's business.

10. That same day, an attempt was made to contact the Defendant and further admonish Defendant against violating the automatic stay, but Defendant refused to provide further services unless payment was made.

11. Business was forced to shut down due to lack of electricity. Business shut down for one day and Debtor had to send employees home and lost on further business generating activities.

12. Plaintiff was forced to make a payment in the amount of $603.37 on or about October 28, 2019, which represented its prepetition payment.

13. Subsequently, Plaintiff sent a stay violation letter and a copy of the Utilities Motion and signed Order on Utilities to the Defendant on October 29, 2019. (See Attached Stay Violation Letter as **Exhibit A**).

14. Defendant again shut off electricity to Plaintiff's business address on or about December 10, 2019.

15. A further attempt was made to contact the Defendant where Defendant informed Plaintiff's counsel that the automatic stay was inapplicable.

16. Plaintiff was forced to make a second payment in the amount of $595.17 to reinstate services to the Business Address in order for operations to run.

### FIRST CAUSE OF ACTION--VIOLATION OF THE AUTOMATIC STAY

A.   ***Defendant violated the automatic stay by refusing to provide services for lack of payment.***

17. The filing of Plaintiff's Chapter 11 petition on September 23, 2019, operated as a stay,

applicable to the Defendant pursuant to 11 U.S.C. § 362(a).  The automatic stay states that the stay

is applicable to all entities of "any act to collect, assess, or recover a claim against the debtor."  11

U.S.C. § 362(a)(6).  Defendant refusing to provide further services is an attempt to collect.

18. Defendant's act of shutting off services to the business on or about October 28, 2019

and on December 10, 2019 are clear violations of 11 U.S.C §362(a)(6) in an attempt to collect.

19. At the time of the filing of the Chapter 11 petition, no exception to the automatic stay

provision of 11 U.S.C. § 362(a) pertained to the Defendant or this debt as provided in 11 U.S.C. §

362(b).  Therefore, after the filing of Plaintiff's Chapter 11 petition, the automatic stay was in full

force and effect pursuant to 11 U.S.C. § 362(c)(2).

C.    *Defendant willfully violated the automatic stay as Defendant had actual knowledge of Plaintiff's bankruptcy filing.*

20. Defendant had notice of the Plaintiff's bankruptcy filing on or around October 30,

2019.  Notice was sent to Defendant's mailing address at 2150 Town Square Pl Ste. # 711, Sugar

Land, TX 77479.

21. Should Defendant argue that it did not receive notice of Plaintiff's bankruptcy, this

argument would fail, as Defendant has been corresponding with Plaintiff's counsel since the first

initial act of collection on or about October 30, 2019.

22. The automatic stay provision is one of the fundamental procedural protections afforded

to the debtors provided by the United States Bankruptcy Code.  11 U.S.C. § 362(a).  The automatic

stay protects the debtor from any act to collect.  *Id.*  When a bankruptcy petition is filed, the

automatic stay acts as self-executing injunction.  *Burrell v. Auto-Pak-USA* (*In re Burrell*), 2012

U.S. Dist. Lexis 121323 (2012).

23. The actions of Defendant were egregious and clearly violated the automatic stay

protection that should have been afforded to Plaintiff.

24. Plaintiff is entitled to recover from Defendant all actual damages, including attorneys' fees, costs, and expenses incurred by Plaintiff due to Defendant's intentional and willful violation of the automatic stay pursuant to 11 U.S.C. Section 362(k). The actual damages, including attorneys' fees and costs established on the part of Plaintiff, "shall" include not only those damages that are a component of the actual damages incurred for the violation, but also those associated with prosecuting this matter under § 362(k)(1). *In re Repine*, 536 F.3d 512, 522 (5th Cir. 2008).

## SECOND CAUSE OF ACTION--CONTEMPT

25. The Bankruptcy Code provides broad discretion to United States Bankruptcy judges. *See* 11 U.S.C. § 105. This Court maintains the power to hold Defendant in civil and/or criminal contempt for violation of the automatic stay provision above. Defendant should be at least held in civil contempt for willful violation of the automatic stay and for violating the Utilities Motion.

## INJUNCTIVE RELIEF

26. Bankruptcy Courts have authority to issue injunctive relief pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, making Federal Rule of Civil Procedure 65 applicable in adversary proceedings. *See* 11 U.S.C. Section 105; Fed. R. Bankr. P. 7065. A party is entitled to a preliminary injunction when there is (i) a substantial likelihood of success on the merits; (ii) a substantial threat that the party will suffer irreparable injury if the injunction is not issued; (iii) the threatened injury to the party outweighs any damage the injunction might cause the opponent; and (iv) the injunction will not disserve the public interests. *Daniels Health Sciences, LLC v. Vascular Health Sciences, LLC,* 710 F.3d 579, 582 (5th Cir. 2013); *Pipkin v. JVM Operating, LC,* 197 B.R. 47, 55 (E.D. Tex. 1996). Pursuant to Section 105 and the Rule 7065 of the Federal Bankruptcy Procedure, Plaintiff seeks a preliminary injunction preventing Defendant from attempting to collect, yet again, by shutting off services the business. Without

such relief, Plaintiff will suffer immediate and irreparable injury, loss, or damage before the Defendant can be heard in opposition.  *See* Fed. R. Civ. P. 65, applicable to this proceeding through Fed. R. Bankr. P. 7065.  Attached as **Exhibit B** is Plaintiff's sworn affidavit.

###### A.    Plaintiff will suffer irreparable injury without injunctive relief.

27. A party is likely to suffer irreparable harm where there is no adequate remedy at law for the harm.  *Daniels*, 710 F.3D at 585.  Financial harm rises to the level of irreparable harm "where the potential economic loss is so great as to threaten the existence of the movant's business."  *Atwood Turkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d. 1174, 1179 (5th Cir. 1989).  Moreover, injury resulting from violation of the automatic stay is irreparable.  *See United States Lines, Inc. v. GAC Marine Fuels Ltd.*, 68 B.R. 690, 694 (Bankr. S.D.N.Y 1986). Plaintiff will be irreparably harmed should Defendant go unchecked and proceed with these acts of collection. By shutting off power to the business, business was unable to operate. Plaintiff was forced to pay the Defendant in order to turn power back on in order to continue operating the business so that a whole day of operations was not lost.   If Defendant is not immediately enjoined from continuing these acts of collection, Defendant will likely shut off power again and Plaintiff will lose days of business operations and in turn, fall short of money that can be earned that will go towards Plaintiff's operations. Plaintiff will be irreparably harmed, but moreover, the employees will be irreparably harmed in addition as Plaintiff will not be able to run the business for a whole day.

28. Plaintiff was entitled to the protections of the automatic stay pursuant to 11 U.S.C. Section 362 but nonetheless, Defendant has willfully violated those protections.

###### B.  Balance of Hardship Favors Injunctive Relief.

29. The issuance of a temporary injunction will prevent further harm to the Plaintiff.  *See,*

*In re FiberTower Network Servs. Corp.*, 482 B.R. 169 (Bankr. N.D. Tex. 2012).  Should Defendant continue to attempt to collect by shutting off power to the business, Plaintiff may be unable to run the business and will likely close its business due to lost income.  If Defendant continues to shut off power in an attempt to collect, Plaintiff will be forced to spend disposable income committed towards their Chapter 11 plan payments, which will severely diminish Plaintiff's likelihood of successful financial reorganization.  Defendant is in a superior financial position whereas Plaintiff is not.  Defendant will not suffer as much financial harm should this Court implement temporary and permanent injunction relief whereas Plaintiff will be irreparably harmed.

### C.  Public Interest Favors Granting Injunctive Relief.

30. Granting Plaintiff temporary and permanent injunctive relief serves the public interests as Courts generally find that injunctions facilitating reorganizations serve the public interests.  *In re FiberTown*, 482 B.R. at 189.  Injunctive relief serves the public interest where the Debtor's chance for a successful reorganization is jeopardized without a successful reorganization.  *Id.* at 190.  Defendant seeks to exert control over Plaintiff's business and if no injunctive relief is granted, Defendant may continue to shut off power thereby causing Plaintiff to spend their limited funds to turn power back on in order to keep business running.

### D.  Immediate Relief is Necessary.

31. Plaintiff requires immediate relief as Plaintiff has been harmed and Plaintiff will be irreparably harmed from Defendant's attempt to control the business by continuously shutting off power in an attempt to collect.  Plaintiff requires immediate relief in order to prevent Defendant from committing further harm upon the Plaintiff as the employees rely on the business running and should immediate relief be denied, Plaintiff's employees will be left without pay.

E.        **Plaintiff Meets the Requirements for a Permanent Injunction.**

32. A plaintiff seeking a permanent injunction must demonstrate that (i) it has suffered an irreparable injury; (ii) the remedies at law, such as monetary damages, are inadequate to compensate for that injury; (iii) considering the hardships between the parties, a remedy in equity is warranted; and (iv) the public interest will not be disserved by a permanent injunction. *See ebay Inc. v. MercExchange,LLC,* 527 U.S. 388, 391 (2006). Little to no harm to Defendant will result from the issuance of the injunction whereas Plaintiff will be substantially harmed without an injunction. Lastly, remedies at law are inadequate for the injury as the property Defendant is seeking to control is a business and any monetary compensation should a permanent injunction not be granted will be insufficient. Plaintiff satisfies the four factors above and this Court should issue a permanent injunction restraining Defendant from shutting off power to the business in an attempt to collect.

F. **Waiver of Security Required under Rule 7065(c)**

33. Plaintiff requests a waiver of Rule 7065(c) of the Federal Rules of Bankruptcy Procedure, incorporating Rule 65(c) of the Federal Rules of Civil Procedure, be waived. Moreover, Plaintiff implores the Court under 11 U.S.C. Section 105 to use its discretion to waive Rule 7065(c) as Plaintiff has limited funds and has already been harmed by Defendant's willful violation of the automatic stay.

**WHEREFORE** Plaintiff prays that this Court will

34. Enforce the automatic stay provisions of 11 U.S.C. § 362(a);

35. Find that the Defendant willfully violated one or more of the automatic stay provisions of 11 U.S.C. § 362(a);

36. Direct the Defendant to remedy its violations of the automatic stay by ceasing to turn

off the power to the business in an attempt to collect.

37.  Sanction Defendant for all actual damages, including attorneys' fees, costs and expenses incurred by the Plaintiff for Defendant's willful violation of the automatic stay provisions under 11 U.S.C. § 362(a).

38. Award to Plaintiff, and against the Defendant, punitive damages, not less than three times the actual damages for this case, for willfully violating the automatic stay provisions of 11 U.S.C. § 362(a).

39. Award to Plaintiff, and against the Defendant, all-of-pocket expenses incurred in attempting to collect.

40. Award to Plaintiff, and against the Defendant, any other relief or monetary damages to which Plaintiff may be entitled under equity or law.

Date: December 31, 2019

Respectfully submitted,

**CORRAL TRAN SINGH, LLP**

*/s/Susan Tran Adams*
1010 Lamar St, Ste. 1160
Houston TX 77002
Ph: (832) 975-7300
Fax: (832) 975-7301
Susan.Tran@ctsattorneys.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2019, the following parties below were served a true and correct copy of this Complaint via facsimile or U.S. First Class Mail.

**TEXANS ENERGY, MEGA ENERGY,**
**LP AND WORLD POWER & GAS, LP**               *Via First Class Mail*
2150 Town Square Place Ste.# 711
Sugar Land, TX 77479.
**DEFENDANT**

**JAVED MEGHANI**                    *Via: CMRRR: 70173380000112207093*
2150 Town Square Place, Suite 711
Sugar Land TX, 77479
**REGISTERED AGENT FOR DEFENDANT**